

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 20, 1975

The Honorable Chet Brooks                    Opinion No. H-611
Chairman
Joint Committee on Prison Reform             Re: Use of certain line item
Senate Chamber                               appropriations by the Texas
Austin, Texas 78711                          Department of Corrections.

Dear Senator Brooks:

You have requested our opinion regarding the use of certain line item appropriations by the Texas Department of Corrections.

Your first question asks what constraints a specific line item appropriation for a specific construction project places on the Department of Corrections, and whether expenditures on other construction projects are permissible. A line item appropriation must be expended only for the purpose designated therein, subject to any riders applicable to the appropriation for the particular agency and subject further to any relevant general provisions in the Appropriations Act. Attorney General Letter Advisory No. 2 (1973); Attorney General Opinions H-444(1974); M-999 (1971); O-4769 (1942). As to appropriations for specific construction projects of the Department, the Act contains the following provisions in Article III; Acts 1973, 63rd Leg., ch. 659, p. 1948.

> The amounts indicated as 'Building Appropriations'
> hereinabove are appropriated subject to construction
> and completion of said projects by the use of prison
> labor insofar as possible.
>
> . . . .
>
> Any unexpended balances remaining in projects under
> the respective items for Building Appropriations may,

p. 2705

with the approval of the Board of Corrections,
be transferred and used for the purposes of
completing construction of other projects enumerated
in the same item; provided, however, that copies of
such approvals and copies of requests for Comptroller's
action on such transfers shall be filed with the Governor
and the Legislative Budget Board.

Thus, the unexpended balances remaining from appropriations
authorized for specific construction projects may be used for completing
construction of other projects, provided that such projects are enumerated
in the same item; provided   that the approval of the Board of Corrections
is obtained; and provided that copies of such approvals and copies of
requests for Comptroller's action on the transfer of such funds are filed
with the Governor and with the Legislative Budget Board.  Unless it has
complied with these requirements, the Department may not use the
unexpended balances appropriated for building construction for comple-
tion of any other project.

Your second question asks about the procedure for authorizing
construction of "other" projects as contemplated by the rider, and
whether a "report" approved by the Board of Corrections after a
construction project is substantially complete can adequately serve as
evidence of the "approval" the rider requires.

The rider does not require that the approval of the Board of
Corrections be evidenced by a particular writing, but that "copies of
such approvals" be filed with the Governor and the Legislative Budget
Board.  As couched in general appropriation acts prior to 1973, the
rider  required that expenditures on "other" projects be approved by
the Governor rather than the Board of Corrections and that copies of
the Governor's approval were to be filed with the Legislative Budget
Board; but in Attorney General Opinion M-1199 (1972), with reference
to that rider, it was said on page 5:

That portion of the rider requiring the Governor's
approval is invalid; such approval cannot be required,
but that portion requiring filing of information with
Budget Board is valid.  M-1141 and V-1254. The agency
Board must vote the transfer of funds. (Emphasis added).

The purpose of the "filing" provision is to acquaint the Governor and the Budget Board with the use to which the funds will be put. However, we cannot say that a project was not properly authorized merely because the evidence of "approval" filed was in some form other than a resolution of the Board of Corrections to transfer the funds. Whether or not a project was actually approved is a question of fact.

Your third question asks if an appropriation for "capital outlay" can be expended on building construction. Section 10 of Article V of the current general appropriation act specifies; Acts 1973, supra at p. 2202.

> Funds appropriated . . . in items designated
> for . . . capital outlay . . . shall be expended
> only for items set out in the Comptroller's
> Manual of Accounts, Expenditure Classification,
> effective November 1, 1965, as amended, and
> numbered . . . 60 to 69 for 'capital outlay.'

Expenditure classification no. 68 from the Manual of Accounts is "Building Purchased, Constructed or Remodeled" the purpose of which is described by the manual:

> . . . to record payment for materials and/or
> contract labor for construction or remodeling
> of state owned buildings. Does not include pay-
> ments for repair or maintenance jobs.

We answer your third question in the affirmative.

Your last question inquires as to whether the funds appropriated for "classified salaries" may be expended in any other manner. A rider to the Department of Corrections appropriation in Article III provides:

> From the line appropriation for Salaries of
> Classified Positions the Department of Correc-
> tions is authorized to purchase electronic security
> devices for installations on compound fences to
> minimize security risks while reducing the number
> of officers required to man outside pickets, pro-
> vided that the purchase of those devices will not
> necessitate any supplemental or additional appropria-
> tion out of any funds of this State. Acts 1973, supra at 1950.

Furthermore, a general rider in Article V of the Appropriations Act states that; Acts 1973, supra at p. 2195:

> Appropriations for 'Salaries of Classified Positions' may also be used to pay the salaries of positions exempted from the Classification Plan by the Governor under authority granted in Section 2 of the Position Classification Act of 1961.   Sec. 1(t)

Thus, the General Appropriations Act provides that the funds appropriated to the Department of Corrections for classified salaries may be expended to pay the salaries of positions exempted from the Classification Plan by the Governor, and, subject to the stated proviso, may be expended for the purchase of electronic security devices for installation on compound fences.

### SUMMARY

A line item appropriation may be expended only for the purpose designated therein, subject to any riders applicable to the appropriation for the particular agency and subject further to any relevant general provisions in the Appropriations Act.   Whether or not an agency action complies with the requirements of an Appropriations Act rider is sometimes a question of fact.   Whether an expenditure is proper as a "capital outlay" is determined by the Comptroller's Manual of Accounts, and Appropriation Act riders authorize the use for certain other purposes of monies appropriated to the Department of Corrections for "classified salaries."

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg